■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY LINCOLN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered April 18, 1990, convicting him of perjury in the second degree (6 counts), offering a false instrument for filing in the first degree (6 counts), and making a punishable false written statement (6 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by (1) vacating the convictions of perjury in the second degree (6 counts) and making a punishable false written statement (6 counts), vacating the sentences imposed thereon, and dismissing those counts of the indictment, and (2) reducing the defendant's convictions of offering a false instrument for filing in the first degree (6 counts) to convictions of offering a false instrument for filing in the second degree (6 counts) and vacating the sentences imposed thereon; as so modified, the judgment is affirmed.

The defendant, a New York City Department of Transportation ticket agent, was convicted of 18 charges based on evidence that he issued 6 parking summonses in which he falsified the time of their issuance. He was convicted of perjury in the second degree, offering a false instrument for filing in the first degree, and making a punishable false written statement with respect to each summons.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we conclude that it was legally insufficient to establish the defendant's guilt beyond a reasonable doubt of each count of perjury and each count of making a punishable false written statement. In a prosecution for such charges, the falsity of a statement may not be established by the uncorroborated testimony of a single witness *(see, People v Sabella,* 35 NY2d 158; Penal Law § 210.50). The People offered the testimony of a single witness to establish that the time of issuance on the summonses was false, and we agree with the defendant's contention that there was insufficient independent corroboration of the witness's testimony. Although this issue was not raised with specificity in the trial court, we have reached the issue in the interest of justice.

Furthermore, we find that the People failed to adduce legally sufficient proof that the defendant offered a false

instrument for filing in the first degree *(see,* Penal Law § 175.35). However, since the proof was legally sufficient to establish the defendant's guilt of the lesser-included offense of offering a false instrument for filing in the second degree (Penal Law § 175.30), and such a verdict is not against the weight of the evidence, we modify the judgment accordingly.

We find that the court did not err in denying the defendant's request to discharge a sworn juror *(see, People v Rodriguez,* 71 NY2d 214; *People v Buford,* 69 NY2d 290; CPL 270.35).

In view of our determination, we need not reach the defendant's remaining contention.

Since the defendant has already served the maximum term of imprisonment for a Class A misdemeanor, we do not remit the matter for resentencing. Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.